BLD-108                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2448
_____

LARRY SERRANO-GOMEZ,
                                        Appellant

v.

HOUTZDALE CORRECTION FACILITY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 3-15-cv-00006)
District Judge: Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 14, 2016
Before: FUENTES, KRAUSE and SCIRICA, Circuit Judges

(Opinion filed: January 21, 2016)
_____

OPINION*
_____

PER CURIAM

Larry Serrano-Gomez appeals from the District Court's order dismissing his

complaint. We will affirm.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Serrano-Gomez is a Pennsylvania state prisoner who at all relevant time was incarcerated at SCI-Houtzdale. He filed a two-page complaint against the facility and alleged that various corrections officers violated his constitutional rights. His claims were largely conclusory and he did not allege any specific conduct by any specific officer, but his primary complaint appeared to be that officers "tortured" him by placing him in protective custody on the basis of a threat from another inmate without informing him which inmate had threatened him. A Magistrate Judge screened the complaint pursuant to 28 U.S.C. § 1915A and directed Serrano-Gomez to file an amended complaint alleging specific conduct on the part of specific officers.

Serrano-Gomez responded by filing three one-page "statements" on prison grievance forms, one by him and two by other inmates. These statements did not supplement his original claims in any meaningful way. Instead, they raised a new claim based on an alleged incident in which officers allegedly tazered Serrano-Gomez several times even though he was already restrained by handcuffs and what he calls a "leash." Serrano-Gomez alleged that this incident occurred on January 5, 2015, and he dated his statement January 10, 2015. The District Court docketed these statements as an amended complaint on January 15, 2015.

The Magistrate Judge recommended dismissing it. With respect to Serrano-Gomez's new claim, the Magistrate Judge noted that it was subject to the exhaustion requirement of the Prison Litigation Reform Act ("PLRA") and concluded that administrative exhaustion "could not possibly have been completed" in the ten days between the alleged incident and the docketing of the amended complaint. The District

2

Court agreed and dismissed the amended complaint without prejudice to Serrano-Gomez's ability to file a complaint regarding the January 5 incident after exhausting his administrative remedies. Serrano-Gomez appeals pro se.[1]

Having reviewed Serrano-Gomez's filings, we agree that he failed to state a claim based on his initial allegations and that his amended complaint raised nothing suggesting that he could do so if given another opportunity to amend. We also agree that Serrano-Gomez's new claim was subject to dismissal for failure to exhaust.

Under the PLRA, the exhaustion of administrative remedies is a mandatory prerequisite to filing suit. See 42 U.S.C. § 1997e(a); Spruill v. Gillis, 372 F.3d 218, 227 (3d Cir. 2004). Ordinarily, we might not sanction a District Court's assumption at the pleading stage that an inmate failed to exhaust. In this case, however, that is the only reasonable inference to be drawn from Serrano-Gomez's amended complaint. As the Magistrate Judge noted, the exhaustion of administrative remedies by Pennsylvania inmates entails a three-tier administrative review process. See Commonwealth of Pennsylvania Dep't of Corr. Policy Statement No. DC-ADM 804 (2015). The Commonwealth's policy permits a total of up to 90 days for review of an inmate's grievance and appeals, and that time does not include the time it takes for the inmate to

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. Technically speaking, failure to exhaust is not a ground to dismiss a complaint before service of process pursuant to § 1915(e)(2)(B) or § 1915A. See Ray v. Kertes, 285 F.3d 287, 296 & n.10 (3d Cir. 2002). Nevertheless, District Courts retain the "inherent power to dismiss sua sponte a complaint which facially violates a bar to suit," including exhaustion under the PLRA. Id. at 293 n. 5. Our review of the dismissal of a complaint is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

submit them. See id. §§ 1(C)(5)(g), 2(A)(2)(d), 2(B)(2)(a). Moreover, administrative review culminates in review by the Department of Corrections' central office, and both an inmate's appeal to that office and that office's response are by mail. See id. §§ 2(B)(1)(i), 2(B)(2)(d). Thus, it is highly implausible that an inmate could complete this process within ten calendar days.

Even if it were theoretically possible to do so, Serrano-Gomez has raised nothing suggesting that he did. Serrano-Gomez's filings reveal that he is familiar with the grievance process. Serrano-Gomez, however, did not object to the Magistrate Judge's recommendation. Nor has he contested the Magistrate Judge's analysis or claimed to have exhausted his administrative remedies as to this claim in any document that he has since filed with the District Court or with this one. Under these circumstances, we see no basis to disturb the District Court's dismissal of Serrano-Gomez's amended complaint for failure to exhaust.

We emphasize that the District Court's dismissal was without prejudice to Serrano-Gomez's ability to file a complaint based on the January 5 incident after exhausting his administrative remedies. Although we express no opinion on the merits of Serrano-Gomez's claims in that regard, we further emphasize that they are not to be taken lightly.

One final issue requires discussion. Serrano-Gomez appears to argue in his notice of appeal that the District Court erred in taking action on his amended complaint in the absence of appointment of counsel. District Courts have the discretion to request counsel for indigent litigants. See generally Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993). District

4

Courts generally are not required to consider doing so sua sponte, however, and Serrano-Gomez did not file anything with the District Court that could be construed as a motion for counsel. If Serrano-Gomez files a complaint in the future, and if he wants to be represented by counsel in that proceeding, then he should file a motion for appointment of counsel with the District Court. We express no opinion on whether appointment of counsel might be warranted.

For these reasons, we will affirm the judgment of the District Court.[2]

---

[2] Serrano-Gomez did not file a response with this Court after the Clerk notified him that this appeal would be considered for possible summary action or dismissal under 28 U.S.C. § 1915(e)(2)(B). He later filed a document with the District Court titled "argument," however, and we have considered that filing in reaching our decision.